*1142 OPINION.
Smith :
The question presented to the Board by these proceedings is whether the petitioner is liable as a withholding agent for the years 1933, 1934, and 1935 in respect of amounts of money received by the Piedras Negras Broadcasting Co. The petitioner denies liability upon two grounds — first, that the Piedras Negras Broadcasting Co. is a foreign corporation which transacted business in the United States and had an office or place of business therein during the taxable *1143 years, and, second, that the petitioner during the years 1933, 1934, and 1935 did not have the “control, receipt, custody, disposal” of any funds belonging to the Piedras Negras Broadcasting Co.
It should be noted that the petitioner’s income tax liability is not involved in these proceedings. It is his liability as a withholding agent of the Piedras Negras Broadcasting Co. which is in issue.
The deficiencies are claimed to be due as a result of withholding tax returns, form 1042, prepared by the respondent under the provisions of section 3116 of the Revised Statutes. Thus, for 1933 the respondent determined that the petitioner was liable as a withholding agent upon $29,814.32 received by the Piedras Negras Broadcasting Co. in that year, and for 1934 and 1935 upon $76,084.85 and $49,220.17 similarly received. The returns were prepared by D. U. Emmert, deputy collector. With respect to the preparation of the returns, D. U. Emmert testified as follows:
Q. Where did you get the information showing the amounts that you used?
A. The amounts that I used thereon were secured from work papers in the possession of the other attorney of record in this case, Mr. F. 6. Rogers, in his office in San Antonio, upon his representation that they were transcriptions of the records of the Piedras Negras Broadcasting Company made prior to their destruction by fire.
Q. And these figures were taken from the records of the Piedras Negras Broadcasting Company?
A. That I don’t know, sir.
Q. Well, from the work sheets?
A. I said it was stated to me by this Mr. F. G. Rogers that those figures were taken from the records of the Piedras Negras Broadcasting Company.
Q. And you assumed that they were the correct figures of the Piedras Negras Broadcasting Company, did you not?
A. That is correct.
Q. Did you cheek any work sheets or any other papers, or any kind of papers? *******
A. I did not.
Pertinent provisions of the Revenue Act of 1932 are as follows:
SEO. 143. WITHHOLDING OF TAX AT SOURCE.
*******
(b) Nonbesident Aliens. — AH persons, in whatever capacity acting, including lessees or mortgagors of real or personal property, fiduciaries, employers, and all officers and employees of the United States, having the control, receipt, custody, disposal, or payment of interest * * * rent, salaries, wages, premiums, annuities, compensations, remunerations, emoluments, or other fixed or determinable annual or periodical gains, profits, and income, of any nonresident alien individual, or of any partnership not engaged in trade or business within the United States and not having any office or place of business therein and composed in whole or in part of nonresident aliens, (other than income received as dividends of the class allowed as a credit by section 25 (a)) shall (except in the cases provided for in subsection (a) of this section and except as otherwise provided in regulations prescribed by the Commissioner under section *1144 215) deduct and withhold from such annual or periodical gains, profits, and income a tax equal to 8 per centum thereof; * * *
(c) Return and Patment. — Every person required to deduct and withhold any tax under this section shall make return thereof on or before March 15 of each year and shall on or before June 15, in lieu of the time prescribed in section 56, pay the tax to the official of the United States Government authorized to receive it. * * *
SEC. 144. PAYMENT OP CORPORATION INCOME TAS AT SOURCE.
In the case of foreign corporations subject to taxation under this title not engaged in trade or business within the United States and not having any office or place of business therein, there shall be deducted and withheld at the source in the same manner and upon the same items of income as is provided in section 143 a tax equal to 12 j>er centum thereof in respect of all payments of income made before the enactment of this Act, and equal to 13 ¾ per centum thereof in respect of all payments of income made after the enactment of this Act, and such tax shall be returned and paid in the same manner and subject to the same conditions as provided in that section: * * *
The corresponding provisions of the Revenue Act of 1934 are substantially similar.
The respondent has filed no brief m this case and the Board is not informed as to what his contentions are in the light of the evidence in these proceedings. From the testimony of D. U. Emmert it is clear that the respondent made no determination whatever that the petitioner was ever in the control, receipt, or custody of the funds which he found had been received by the Piedras Negras Broadcasting Co. So far as anything is shown to the contrary the entries shown on the books of that company may have been received entirely from broadcasts made in Mexico. No showing is made that the petitioner ever had the control or custody of any of the funds received by the Piedras Negras Broadcasting Co.
From a consideration of all of the evidence, the Board is of the opinion that the contentions of the petitioner must be sustained upon either or both of the grounds upon which he is relying.
The evidence shows that during the years 1933, 1934, and 1935 programs were broadcast over the two stations of a Mexican corporation either in Mexico or at the Eagle Hotel in Eagle Pass. All of the mail received in response to those broadcasts was received at the Eagle Hotel. Employees of the Mexican corporation opened the mail and deposited the money in the bank accounts. In the light of this evidence the Board can not doubt but that the Mexican corporation was doing business in the United States during the years 1933, 1934, and 1935 and that it had an office at the Eagle Hotel in Eagle Pass, Texas. If the Mexican corporation had any gain from the transaction of that business it is subject to tax. But the petitioner, even though he was president of the Mexican corporation, was not subject to tax as a withholding agent.
*1145 The evidence further shows that the petitioner never had the receipt, control, or custody of funds belonging to the Mexican corporation. Payments for advertising were received by employees of the Piedras Negras Broadcasting Co. in Eagle Pass, Texas. The petitioner did not handle these funds personally. They were deposited in the bank by the employees of the Mexican corporation and were not subject to withdrawal by the petitioner except upon a check jointly signed by him and a Mexican stockholder or officer of the corporation. In such circumstances we think it plain that the withholding provisions of the Revenue Acts of 1982 and 1934 do not apply to this petitioner.
The respondent has not determined any deficiency against the Piedras Negras Broadcasting Co. Accordingly, it is not necessary for the Board to determine whether that company had any liability to income tax in respect of business transacted in the United States.

Judgments of no deficiency will he entered.